IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN H., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-CV-617-CDL |
| | ) |
| ANDREW M. SAUL, | ) |
| Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying Social Security disability benefits. The parties have consented to proceed before a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c)(1), (2).[1] For the reasons set forth below, the undersigned **affirms** the Commissioner's decision denying benefits.

## Procedural History

Plaintiff filed an application for social security disability benefits on October 5, 2016. Plaintiff alleges he became disabled due to back pain, leg numbness and weakness, hip pain, morbid obesity, depression, borderline diabetic, and pins and rods in legs from being broken. Plaintiff alleges an onset date of June 3, 2016. Prior to the onset date,

---

[1] On November 5, 2020, the action was reassigned from Magistrate Judge Frank H. McCarthy pursuant to General Order 20-37. (Doc. 21).

Plaintiff worked as surveillance system monitor and cigarette making machine operator. The Social Security Administration denied Plaintiff's application on initial review and on reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ).

The ALJ held a hearing on November 7, 2018. Testimony was given by Plaintiff and Vocational Expert (VE) Judith A. Harper. On December 31, 2018, the ALJ issued a decision denying disability benefits. (R. 58). The Appeals Council affirmed the decision on September 16, 2019. (R. 1). Accordingly, the Court has jurisdiction to review the ALJ's December 31, 2018 decision under 42 U.S.C. § 405(g).

## Standard of Review

Judicial review of a Commissioner's disability determination "'is limited to determining whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence.'" *Noreja v. Soc. Sec. Comm'r*, 952 F.3d 1172, 1177 (10th Cir. 2020) (citing *Knight ex rel. P.K. v. Colvin*, 756 F.3d 1171, 1175 (10th Cir. 2014)). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1178 (quoting *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005)); *see also Biestek v. Berryhill*, __ U.S. __, 139 S. Ct. 1148, 1154 (2019). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Noreja*, 952 F.3d at 1178 (quoting *Grogan*, 399 F.3d at 1261-62).

So long as supported by substantial evidence, the agency's factual findings are "conclusive." *Biestek*, 139 S. Ct. at 1152 (quoting 42 U.S.C. § 405(g)). Thus, the court may

2

not reweigh the evidence or substitute its judgment for that of the agency. *Noreja*, 952 F.3d at 1178.

## Agency Proceedings

The Social Security Act (the Act) provides disability insurance benefits to qualifying individuals who have a physical or mental disability. *See* 42 U.S.C. § 423. The Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *See* 42 U.S.C. § 423(d)(1)(A).

The Commissioner uses a five-step, sequential process to determine whether a claimant is disabled and, therefore, entitled to benefits. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v). A finding that the claimant is disabled or is not disabled at any step ends the analysis. *See id.*; *see also Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988)).

At step one, the claimant must demonstrate that he is not engaged in any substantial gainful activity. *See Lax*, 489 F.3d at 1084. Here, the ALJ determined Plaintiff had not engaged in substantial gainful activity since June 3, 2016. (R. 60). The ALJ's determination at step one is not challenged and is supported by substantial evidence.

At step two, the claimant must establish an impairment or combination of impairments that is severe. *See id.* A claimant who does not have a severe impairment is not disabled. *See Williams*, 844 F.2d at 1084. Here, the ALJ determined that Plaintiff has severe impairments including degenerative disc disease status post lumbar surgery, status

post surgical repair bilateral leg fracture, diabetes mellitus, and obesity. *Id*. Thus, the ALJ properly proceeded to step three.

At step three, the ALJ determines whether the claimant's severe impairments are equivalent to one of the impairments listed in Appendix 1 of the regulation, which the Commissioner "acknowledges are so severe as to preclude substantial gainful activity." *Williams*, 844 F.2d at 751 (internal quotation and citation omitted); *see* 20 C.F.R. §§ 404.1520(d); 20 C.F.R. Part 404, subpt. P, app'x 1 (Listings). If the claimant has an impairment that meets all the criteria of a Listing, the claimant is presumed to be disabled and is entitled to benefits. Otherwise, the ALJ proceeds to step four.

Here, the ALJ found at step three that Plaintiff's physical impairments do not meet or equal the criteria for any listing. The ALJ placed emphasis on Listing 1.02 et seq., Musculoskeletal system major dysfunction of joints; and Listing 1.04, et seq., disorders of the spine. (R. 61). In accordance with these findings, the ALJ proceeded to step four.

At step four, the claimant must show that his impairment or combination of impairments prevents him from performing work he has performed in the past. If the claimant can perform his previous work, he is not disabled.[2]

---

[2] Step four is comprised of three distinct phases. *See Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). First, the ALJ determines the claimant's residual functional capacity (RFC) "based on all the relevant medical and other evidence." 20 C.F.R. § 404.1520(e). Second, the ALJ determines the physical and mental demands of the claimant's past relevant work. *Winfrey*, 92 F.3d at 1023 (citing 20 C.F.R. § 404.1520(e)). Finally, the ALJ determines whether the RFC found in phase one allows the claimant to meet the job demands found in phase two. *Winfrey*, 92 F.3d at 1023.

Here, the ALJ reviewed testimony of claimant and his wife, objective medical evidence in the record, and medical opinions from consultative examinations. (R. 62-64). The ALJ determined that Plaintiff has the RFC

> to perform sedentary work as defined in 20 CFR 404.1567(a) with the following limitations: The claimant can lift and/or carry 10 pounds occasionally and up to 10 pounds frequently; stand and/or walk at least two hours in an 8-hour workday; and sit at least 6 hours in an 8-hour workday.

(R. 61-62).

The ALJ found evidence that Plaintiff does have medically determinable impairments, but none were severe enough to prevent Plaintiff from participating in substantial gainful activity, given the RFC set forth above. (R. 64). The ALJ noted that Plaintiff's past relevant work as a surveillance system monitor was performed at the sedentary exertion level, unskilled, and Dictionary of Occupational Titles (DOT) # 379.367-010. (R. 65). The ALJ found that, according to testimony of the VE, Plaintiff could do past relevant work as a surveillance system monitor with the above RFC. *Id.*

The ALJ found that, comparing the RFC with the physical and mental demands of the past relevant work, Plaintiff is able to perform it as actually and generally performed. *Id.* Thus, the ALJ found at step four that Plaintiff has not been under a disability, as defined in the Social Security Act, from June 3, 2016, through the date of his decision on December 31, 2018. *Id.*

### Plaintiff's Arguments

Plaintiff argues that the ALJ failed to properly weigh the Third-Party Function Report by Plaintiff's wife in accordance with Social Security Ruling (SSR) 06-03p.[3] Plaintiff contends that, in the process of doing so, the ALJ mischaracterized Plaintiff's activities of daily living (ADL's) identified by his wife in the report.  Plaintiff argues that, by failing to properly weigh the Third-Party Function Report, the ALJ failed to consider critical limitations when assessing his RFC.

Defendant argues the ALJ fully addressed and weighed Plaintiff's testimony, which was largely duplicative of the limitations set forth in the Third-Party Function Report, so any omission by the ALJ was harmless and would not have changed the outcome of Plaintiff's claim.  Defendant argues the ALJ reasonably discounted Plaintiff's testimony and the Third-Party Function Report from Plaintiff's wife in finding that Plaintiff remains capable of sedentary work.

### Analysis

The Commissioner's regulations, 20 C.F.R. §§ 404.1513(a)(4), 416.913(a)(4), provide that, in addition to evidence from medical sources, the Commissioner *may* use information from other sources to show the severity of impairments and how the ability to work is affected.  Such "other" sources include, for example, spouses, parents, other care

---

[3] Social Security Ruling 06-03p has been rescinded for claims filed on or after March 27, 2017, but was in effect when the Plaintiff filed his claim on October 5, 2016. *See* Rescission of Social Security Rulings 96-2p, 96-5p, and 06-3p, 82 Fed. Reg. 15263-01 (Mar. 27, 2017).

givers, neighbors, siblings, other relatives, and clergy. The regulations do not address how the information from these other sources is to be evaluated. There is no requirement that the ALJ specifically discuss this evidence. Social Security Ruling (SSR) 06-03p addresses how opinions and other evidence from sources who are not considered acceptable medical sources in the regulations are to be considered. However, SSR 06-03p does not require that the information from "other" sources be evaluated or discussed in any particular manner. Rather, it merely states it would be appropriate to consider such factors as the nature and extent of the relationship, whether the evidence is consistent with other evidence, and other factors that tend to support or refute the evidence.

In the instant case, Plaintiff's wife submitted a written Third-Party Function report. However, the Tenth Circuit has not required the ALJ to mention such written statements when they are cumulative with other evidence the ALJ considered. In *Brescia v. Astrue*, 287 Fed. Appx. 626, 630-631 (10th Cir. 2008), the claimant's sister and a friend provided written descriptions of the claimant's limitations, which the ALJ did not explicitly discuss. The Court stated the ALJ's omission was not grounds for remand given the nature of the statements, which were largely cumulative of the claimant's testimony.

In this case, the ALJ did discuss the written third-party statement from Plaintiff's wife. The ALJ noted that Plaintiff's wife indicated Plaintiff helps with their son when he can, he has to sit to get dressed, he has to be reminded to take his medications, doing laundry is a challenge for him, it takes him several days to mow the yard, and he can walk 5-10 minutes at a time. (R. 63-64).

Plaintiff argues that the ALJ erred in failing to specifically address other statements from his wife, including his inability "to do anything involving moving [or] twisting because of the pain," that Plaintiff "at times has to shower after [a] bowel movement as he cannot bend/stoop to clean himself," and that, while preparing meals, Plaintiff "needs assistance w[ith] a chair or by rotating sitting/standing because the pain is so intense." (Doc. 15, pages 6-7), (citing R. 324-326). However, as in *Brescia*, the written statement in this case is largely cumulative of Plaintiff's own statements and testimony, which the ALJ addressed. For example, the ALJ noted that Plaintiff's activities of daily living show he is unable to walk, stand, or sit for long periods due to cramping, tingling, and numbness in his back and legs. (R. 64). The ALJ also noted Plaintiff's hearing testimony that he needs help going to the bathroom and that it is hard to care for himself. (R. 62). The ALJ noted that Plaintiff is able to handle his own personal care, prepare simple meals and do household chores, but it takes a longer. (R. 64). The ALJ noted Plaintiff is able to drive, shops in stores once a week, and can walk about 5-10 minutes at a time. *Id.* It appears that the ALJ thoroughly considered Plaintiff's testimony regarding limitations to his daily activities. Thus, it was not necessary or required for the ALJ to directly address additional statements of Plaintiff's wife addressing the same essential functions.

Plaintiff is correct that, in evaluating the third-party statement and testimony of Plaintiff's wife, the ALJ did not specify the precise weight given it, for example by using terms such as "great weight," "some weight," or "little weight," as is typical in disability-benefits decisions. However, a failure to assign a specific weight to evidence does not necessarily constitute reversible error, even when that evidence is an opinion rendered by

an acceptable medical source and not, as in this case, a statement provided by a nonmedical source. *See Keyes-Zachary v. Astrue,* 695 F.3d 1156, 1163 (10th Cir. 2012). In *Keyes-Zachary*, the court found the ALJ's failure to expressly assign a specific weight to a consultative examiner's opinion was harmless where the opinion was generally consistent with the ALJ's RFC findings. Here, it is clear that the ALJ considered and accorded some weight to the statements of Plaintiff's wife. The ALJ was not required to explicitly label the weight he accorded to them, because the ALJ's discussion of this evidence allows the court to follow the ALJ's reasoning. *See* SSR 06-03.

Specific written findings regarding statements from a third-party witness are not necessarily required, particularly when the written decision reflects that the ALJ considered the testimony. *Adams v. Chater*, 93 F.3d 712, 715 (10th Cir. 1996). In this case, the ALJ expressly considered the testimony of Plaintiff's wife in the Third-Party Function Report (R. 63-64). The third-party statement from Plaintiff's wife is cumulative of Plaintiff's testimony (see, e.g. R. 324-330) and the finding regarding Plaintiff's testimony by the ALJ is not contested on appeal. Additionally, although Plaintiff argues that his RFC should have included restrictions as to twisting, bending, and stooping, Plaintiff has not shown that any additional restrictions would have led to a different outcome. The undersigned finds that the ALJ's failure to give specific findings on all the limitations borne from the third-party report submitted by Plaintiff's wife when assessing Plaintiff's RFC is not reversible error.

**Conclusion**

The Court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The Court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the ALJ's decision finding Plaintiff not disabled is **affirmed**.

ORDERED this 29th day of March, 2021.

*Christine D. Little*
Christine D. Little
United States Magistrate Judge